**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RONNOCO COFFEE, LLC<br>and MID-AMERICA ROASTERIE, LLC, | )<br>)<br>)<br>) | |
| Plaintiffs, | ) | Case No.  4:16-cv-01336 |
| | ) | |
| v. | ) | |
| | ) | |
| WESTFELDT BROTHERS, INC.,<br>Serve at:<br>528 Gravier Street<br>New Orleans, LA 70130 | )<br>)<br>)<br>)<br>) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs Ronnoco Coffee, LLC and Mid-America Roasterie, LLC (collectively "Plaintiffs"), by their attorneys Dowd Bennett LLP, for their Complaint for Declaratory Relief pursuant to 28 U.S.C. § 2201 against Defendant Westfeldt Brothers, Inc., say:

### INTRODUCTION

1. This is the second declaratory judgment action that Plaintiffs Ronnoco Coffee, LLC and Mid-America Roasterie, LLC have been forced to file in this Court against Defendant Westfeldt Brothers, Inc. On or about August 30, 2015, Westfeldt initiated an arbitration against Ronnoco and Mid-America before the Green Coffee Association. See Exhibit 1. As stated in its initial Demand for Arbitration, Westfeldt seeks to enforce "futures contracts" that it allegedly entered into with a now defunct entity called U.S. Roasterie, LLC. In response, Ronnoco and Mid-America brought a declaratory judgment action in this Court seeking a declaration there is no enforceable agreement to arbitrate regarding the contracts at issue. Case No. 4:15-cv-01449-DDN. That case is pending.

22421198.1

2. On August 15, 2016, Westfeldt filed a "Supplemental Demand" in the Green Coffee Association seeking to hold Ronnoco and Mid-America liable under a successor liability theory for a separate $2.6 million debt that U.S. Roasterie allegedly owes to Westfeldt. See Exhibit 3. In filing this instant complaint, Ronnoco and Mid-America seek a declaration that there is no agreement to arbitrate the new claims asserted in Westfeldt's Supplemental Demand. Ronnoco and Mid-America also seek a declaration in this case that they are not liable for the debt allegedly owed by U.S. Roasterie to Westfeldt under any theory advanced by Westfeldt or otherwise.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff Ronnoco Coffee, LLC ("Ronnoco") is a Delaware limited liability company whose principal place of business is in the Eastern District of Missouri. Ronnoco's sole member is a Delaware corporation whose principal place of business is in either the State of Delaware or the State of Michigan.

4. Plaintiff Mid-America Roasterie, LLC, f/k/a Ronnoco Roasterie, LLC ("Mid-America"), is a Delaware limited liability company whose principal place of business in in Iowa. Mid-America's sole member is a Delaware corporation whose principal place of business is in either the State of Delaware or the State of Michigan.

5. Defendant Westfeldt Brothers, Inc. ("Westfeldt") is a Louisiana corporation with its principal place of business in New Orleans, Louisiana.

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) as there is complete diversity between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

7. The Court has jurisdiction over Westfeldt pursuant to the Missouri long-arm statute, Mo.Rev.Stat § 506.500.1, in that Westfeldt has transacted business within Missouri by

purposefully reaching into and directing its activities toward Ronnoco, a business operating in the State of Missouri, including by visiting Ronnoco in Missouri and claiming to have entered into contracts with Ronnoco in the State of Missouri, and this action arises out of those activities.

8.   Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

### A.   The U.S. Roasterie Sale Agreement

9.   Great Western Bank, a nonparty to this litigation, previously made loans to U.S. Roasterie, also a nonparty to this litigation, secured by substantially all of U.S. Roasterie's personal property. Great Western Bank had filed financing statements with the Iowa Secretary of State evidencing its security interest in the collateral for the loans.

10.   One of the loans to U.S. Roasterie went into default, and Great Western Bank thereafter accelerated the due date for payments under two other loans pursuant to cross-default provisions.

11.   Pursuant to Iowa's Uniform Commercial Code, Great Western Bank foreclosed its security interest and in early 2015 sold some of the collateral to Mid-America pursuant to the private sale provisions of the Iowa UCC. The private sale was documented in a written Sale Agreement dated February 9, 2015 (the "Sale Agreement"). A copy of the Sale Agreement is Exhibit A to Westfeldt's Demand for Arbitration ("Demand"). A copy of the Demand is attached hereto as Exhibit 1. Therefore, the assets were acquired by Mid-America from Great Western Bank, a secured creditor of U.S. Roasterie, and not from U.S. Roasterie.

12.   Ronnoco was not a party to the Sale Agreement.

13.   The assets purchased pursuant to the Sale Agreement are specified in the Sale Agreement.

3

14. Moreover, the Sale Agreement expressly provides that Mid-America "is not assuming and will have no obligation to assume, perform, or discharge any liabilities, obligations or commitments of any nature whatsoever, asserted or unasserted, known or unknown, absolute or contingent, accrued or unaccrued, matured or unmatured or otherwise, of [U.S. Roasterie] … all of which will remain the sole responsibility and obligation of [U.S. Roasterie]."

**B.     Westfeldt's Louisiana Lawsuit**

15. In February of 2015, Westfeldt sued U.S. Roasterie in the Eastern District of Louisiana. The Case Number is 2:15-cv-00482-KDE-SS ("the Louisiana Lawsuit").

16. In the Louisiana Lawsuit, Westfeldt seeks $2,690,575.45 from U.S. Roaterie and its former owner, Howard Fischer, for coffee that Westfeldt alleged it had sold and delivered to U.S. Roasterie but for which U.S. Roasterie allegedly had failed to pay Westfeldt.

17. In July of 2015, Westfeldt filed an Amended Complaint against Ronnoco and Mid-America in the Louisiana Lawsuit. The Amended Complaint alleged, without any basis and contrary to the plain language of the Sale Agreement, that "Ronnoco/Mid-America assumed the futures contracts (attached as Ex. D) by virtue of the February 9, 2015 Sale Agreement (attached as Ex. C)." (parentheses in original). The claims against Ronnoco and Mid-America in the Louisiana Lawsuit were limited to the futures contracts. Westfeldt did not assert any claim that Ronnoco or Mid-America were liable for any damages related to the coffee Westfeldt alleged it had already delivered to U.S. Roasterie.

18. After Ronnoco and Mid-America informed Westfeldt that they would file a motion to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief could be granted given the terms of the Sale Agreement attached to the Complaint, Westfeldt dismissed Ronnoco and Mid-America from the Louisiana Lawsuit without prejudice.

19. Westfeldt has recently settled its claims against U.S. Roasterie in the Louisiana Lawsuit.

C. **Westfeldt's Initial Arbitration Demand and Ronnoco/Mid-America's First Declaratory Judgment Action**

20. In August, 2015, Westfeldt filed with the Green Coffee Association the Demand against Ronnoco and Mid-America, again asserting that Ronnoco and Mid-America assumed the U.S. Roasterie futures contracts and was liable under those contracts. See Exhibit 1. The Demand did not assert any claim that Ronnoco or Mid-America was liable for any damages related to the coffee Westfeldt alleged it had already delivered to U.S. Roasterie.

21. Westfeldt's proposed futures contracts state that the terms and conditions of the standard contract of the Green Coffee Association are incorporated into the contract. Those terms and conditions apparently include an agreement to arbitrate disputes under the contract in accordance with the Rules of Arbitration of the Green Coffee Association to be conducted in the State of New York.

22. Because neither Ronnoco nor Mid-America is a signatory to or otherwise assumed any of the proposed futures contracts attached to Westfeldt's Demand, neither Ronnoco nor Mid-America agreed to arbitrate any issue relating to or arising out of those proposed contracts.

23. Article V, Paragraph 7 of the Rules of Arbitration of the Green Coffee Association provides that "[i]n cases where no sufficient written evidence of an agreement can be produced, the Association recognizes that one party can bring an action against the other in a court of appropriate jurisdiction to determine whether or not an agreement existed including a provision to arbitrate as a term of the agreement. In such cases, arbitration will proceed if the court so directs." See Exhibit 2 at p. 9.

24. Ronnoco and Mid-America appropriately filed a Declaratory Judgment action in this Court, Case No. 4:15-cv-1449 (the "First Lawsuit"), asking this Court to declare whether Westfeldt's claims relating to the futures contracts were subject to an agreement to arbitrate. Upon filing, Plaintiffs notified the GCA of the pending lawsuit and asked the GCA to put the arbitration on hold pending the Court's decision in the First Lawsuit as to whether there is an agreement to arbitrate Westfeldt's claims.

25. The GCA did nothing for ten months, until August 10, 2016, when the GCA notified the parties that it intended to proceed with the arbitration over the futures contracts. At that time, discovery in the First Lawsuit had been completed and both parties had moved for summary judgment, with the hearing on the summary judgment motions set for September 9, 2016 and trial set for November 7, 2016.

26. Under the circumstances, Plaintiffs asked Westfeldt to agree to stay the GCA Arbitration until the Court decided whether Westfeldt's claims were subject to arbitration. Westfeldt refused to agree to stay the arbitration pending a decision by this Court.

### D. Westfeldt's Supplemental Arbitration Demand

27. Not only did Westfeldt refuse to agree to stay the arbitration, but it submitted a supplemental demand to the GCA (the "Supplemental Demand") seeking to add new and unrelated claims to the arbitration. A copy of the Supplemental Demand, which does not attach or even reference any agreement to arbitrate the claims, is attached hereto as Exhibit 3.

28. The Supplemental Demand seeks to compel an arbitration over, and hold Plaintiffs liable for, the exact same $2,690,575.45 that Westfeldt had alleged U.S. Roasterie owed to Westfeldt for coffee Westfeldt sold to U.S. Roasterie, which claims Westfeldt pursued in the federal court in Louisiana and not in any arbitration. The Supplemental Demand appears to assert

conclusory claims for breach of contract/open account, unfair trade practices, conversion/civil conspiracy to commit conversion, and unjust enrichment.

29. There is no agreement between Westfeldt and Ronnoco or Mid-America to arbitrate any claim asserted in the Supplemental Demand.

30. Whether parties have agreed to submit a dispute to arbitration is an issue for judicial determination, which determination Plaintiffs seek herein.

## COUNT I—REQUEST FOR DECLARATORY JUDGMENT

31. Plaintiffs herein incorporate by reference the allegations contained in paragraphs 1 through 30.

32. Westfeldt maintains that there is an agreement to arbitrate between it and Plaintiffs concerning the alleged debt of U.S. Roasterie, and it has filed the Supplemental Demand that remains outstanding.

33. Plaintiffs maintain that there is no agreement to arbitrate between Plaintiffs and Westfeldt concerning the alleged debt of U.S. Roasterie that is the subject of the Supplemental Demand.

34. By virtue of the foregoing, there is an existing, actual, and substantial controversy between the parties within the jurisdiction of this Court having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

35. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, the Court may declare the rights and legal relations of these parties.

36. As set forth herein, there is no agreement to arbitrate disputes between Plaintiffs and Defendant concerning the alleged debt of U.S. Roasterie and the Supplemental Demand is invalid.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter a judgment declaring that there is no agreement to arbitrate disputes between Plaintiffs and Defendant concerning the alleged debt of U.S. Roasterie and the Supplemental Demand is invalid, awarding Plaintiffs their costs and attorney fees, and granting Plaintiffs such further relief as the Court deems just and appropriate.

### COUNT II—REQUEST FOR DECLARATORY JUDGMENT

37. Plaintiffs herein incorporate by reference the allegations contained in paragraphs 1 through 36.

38. In the Supplemental Demand, Westfeldt claims that Ronnoco and Mid-America are liable for $2,690,575.45 that Westfeldt claims is owed to it by U.S. Roasterie for coffee that Westfeldt sold to U.S. Roasterie. Ronnoco and Mid-America maintain that they have no such liability to Westfeldt.

39. In the Supplemental Demand, Westfeldt claims that Ronnoco and Mid-America are liable to Westfeldt on a theory of successor liability because Ronnoco and Mid-America are a mere continuation of U.S. Roasterie; the sale of assets was a transaction to escape liability; Ronnoco and Mid-America assumed the obligations of U.S. Roasterie; U.S. Roasterie was an alter ego, agent, tool or instrumentality of Ronnoco and Mid-America; or because Ronnoco and Mid-America acted through U.S. Roasterie to deceive and mislead Westfeldt.

40. Ronnoco and Mid-America maintain that neither of them has any liability to Westfeldt for debts of U.S. Roasterie under any theory or claim, including any successor liability theory or claim, any alter ego, agent, tool or instrumentality claim, based on them acting through U.S. Roasterie in any manner, or otherwise.

41. In the Supplemental Demand, Westfeldt claims that Ronnoco and Mid-America are liable to Westfeldt because they engaged in deceptive conduct that constitutes unfair trade practices and/or conspired with U.S. Roasterie to injure Westfeldt.

42. Ronnoco and Mid-America maintain that they did not engage in any unfair trade practices or in any way conspire with U.S. Roasterie to injure Westfeldt and that they are not liable to Westfeldt for amounts U.S. Roasterie owed to Westfeldt or otherwise.

43. In the Supplemental Demand, Westfeldt maintains that Ronnoco and Mid-America are liable to Westfeldt because they converted Westfeldt's property or conspired with U.S. Roasterie to convert Westfeldt's property.

44. Ronnoco and Mid-America maintain that they did not convert any property of Ronnoco or in any way conspire with U.S. Roasterie to convert any property of Westfeldt and that they have no liability to Westfeldt.

45. In the Supplemental Demand, Westfeldt maintains that conduct of Ronnoco and/or Mid-America caused Ronnoco and Mid-America to be unjustly enriched at the expense of Westfeldt.

46. Ronnoco and Mid-America maintain that they have not been unjustly enriched at the expense of Westfeldt or otherwise, and that they have no liability to Westfeldt.

47. By virtue of the foregoing, there is an existing, actual, and substantial controversy between the parties within the jurisdiction of this Court having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

48. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, the Court may declare the rights and legal relations of these parties.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter a judgment declaring that Plaintiffs are not liable to Defendant for any amounts that U.S. Roasterie may owe to Defendant or for any other amounts, awarding Plaintiffs their costs and attorney fees, and granting Plaintiffs such further relief as the Court deems just and appropriate.

Dated: August 17, 2016

Respectfully submitted,

**DOWD BENNETT LLP**

By:  /s/ John D. Comerford

John D. Comerford, 60164MO
jcomerford@dowdbennett.com
Michael J. Kuhn, 58936MO
mkuhn@dowdbennett.com
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
(314) 889-7300 – Telephone
(314) 863-2111 – Facsimile

*Attorneys for Plaintiffs Ronnoco Coffee, LLC and Mid-America Roasterie, LLC*

22421198.1